UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>        Defendant. | CASE NO. 7:25-CV-00184 [ADA]<br><br>**JURY TRIAL DEMANDED** |

## NVIDIA CORPORATION'S ANSWER AND DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant NVIDIA Corporation ("NVIDIA") states its Answer and Defenses to Plaintiff Redstone Logics LLC's ("Redstone") Complaint for Patent Infringement (the "Complaint") as follows. All allegations of the Complaint not expressly admitted herein are denied.[1]

### THE PARTIES[2]

1.    NVIDIA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies them.

2.    NVIDIA admits that it is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 2788 San Tomas Expressway, Santa Clara, California 95051. NVIDIA further admits that it can be served through its registered agent,

---

[1] Any statements and admissions herein reflect NVIDIA's general and present understanding of the scope of corresponding allegations and of terms used therein and/or in U.S. Patent No. 8,549,339.

[2] For ease of reference, NVIDIA uses the headings in Redstone's Complaint. In so doing, NVIDIA does not admit any allegations contained in those headings. In addition, NVIDIA's responses to Redstone's allegations correspond to the numbered paragraphs in the Complaint.

-1-

-2-

the Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. NVIDIA admits that this action purports to arise under the patent laws of the United States. The second sentence of Paragraph 3 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, NVIDIA does not contest the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), provided that standing and other requirements are met. NVIDIA is without knowledge or information sufficient to form a belief whether Redstone has met the standing and other requirements necessary for subject matter jurisdiction and therefore denies that it has.

4. NVIDIA admits that it conducts business in this District, and that NVIDIA products are sold in this District. The remainder of paragraph 4 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, NVIDIA does not contest that this Court has personal jurisdiction for the purpose of this particular action. NVIDIA denies that it has committed any acts of infringement and denies any remaining allegations of Paragraph 4 of the Complaint.

5. NVIDIA admits that it maintains a physical facility in this District located at 11001 Lakeline Boulevard. Suite #100, Bldg. 2, Austin, Texas 78717. The remaining portion of Paragraph 5 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, NVIDIA does not contest that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b), but denies that it is convenient for parties and witnesses. NVIDIA denies that it has committed any acts of infringement and denies any remaining allegations of Paragraph 5 of the Complaint.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 8,549,339

6. NVIDIA incorporates by reference its answers to the preceding paragraphs of the Complaint.

7. NVIDIA admits that U.S. Patent No. 8,549,339 ("the '339 Patent") was issued on October 1, 2013 and is entitled "Processor Core Communication in Multi-Core Processor." NVIDIA admits that Exhibit 1 purports to be an uncertified copy of the '339 Patent. NVIDIA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and therefore denies them.

8. NVIDIA denies the allegations of Paragraph 8 of the Complaint.

9. NVIDIA denies the allegations of Paragraph 9 of the Complaint. As to Redstone's allegations of indirect infringement, NVIDIA further incorporates by reference paragraph 17 of NVIDIA's Defenses as though fully restated herein.

10. NVIDIA denies the allegations of Paragraph 10 of the Complaint. As to Redstone's allegations of indirect infringement, NVIDIA further incorporates by reference paragraph 17 of NVIDIA's Defenses as though fully restated herein.

11. NVIDIA denies the allegations of Paragraph 11 of the Complaint.

12. NVIDIA denies the allegations of Paragraph 12 of the Complaint.

13. NVIDIA denies the allegations of Paragraph 13 of the Complaint.

## JURY TRIAL DEMANDED

14. NVIDIA admits that the Complaint requests a trial by jury.

## PRAYER FOR RELIEF

NVIDIA denies that Redstone is entitled to the relief it has requested or to any other relief. NVIDIA denies factual allegations, if any, that are included Redstone's Prayer for Relief.

## NVIDIA'S DEFENSES

15. By alleging the defenses set forth below, NVIDIA does not agree or concede that it bears the burden of proof or the burden or persuasion on any of these issues, whether in whole or in part. For its defenses to Redstone's Complaint, NVIDIA alleges as follows:

### FIRST DEFENSE
### (Non-Infringement)

16. NVIDIA has not infringed, directly, contributorily, or by inducement, any valid or enforceable claim of the '339 Patent ("the Asserted Patent"), either literally or under the doctrine of equivalents.

17. Redstone has stipulated to dismissal of its claims for pre-suit indirect infringement. Dkt. 16. As to Redstone's allegations of post-suit indirect infringement, NVIDIA believes in good faith that the Accused Products do not infringe or cause infringement of the Asserted Patent by others. Accordingly, NVIDIA does not intend for others to infringe the Asserted Patent or knowingly contribute to infringement by others.

### SECOND DEFENSE
### (Invalidity)

18. The asserted claims of the Asserted Patent are invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD DEFENSE
### (Failure to State a Claim)

19. Redstone has failed to plead its claims with sufficient specificity or factual support to place NVIDIA on notice of the claims Redstone is asserting against it, such that Redstone has failed to state a claim upon which relief can be granted.

## FOURTH DEFENSE
### (Prosecution History Estoppel / Disclaimer / Disclosure-Dedication)

20. Redstone is estopped from construing any claim of the Asserted Patent to have been or to be infringed by any product manufactured, used, sold, or offered for sale by NVIDIA in view of the prior art and/or because of the applicant's admissions, representations, actions, or other conduct before the United States Patent and Trademark Office during prosecution of any application leading to the issuance of the Asserted Patent or any related patent.

## FIFTH DEFENSE
### (Limitation on Damages and Costs / Failure to Mark)

21. To the extent that Redstone seeks damages otherwise accruing prior to six years before it filed its complaint, such damages are barred by 35 U.S.C. § 286. The relief sought by Redstone based on NVIDIA's alleged infringement of the Asserted Patent is further limited by 35 U.S.C. § 287 to the extent the owner(s) of the Asserted Patent, and/or their licensees, failed to mark products that allegedly practice the claims of the Asserted Patent. Redstone's claims for relief are further barred in whole or in part pursuant to 35 U.S.C. § 288 and/or 28 U.S.C § 1498.

## SIXTH DEFENSE
### (Ensnarement / Vitiation)

22. Redstone's claims for patent infringement are precluded, in whole or in part, by the doctrines of ensnarement and/or vitiation. Redstone cannot establish entitlement to its apparently contended claim scope without ensnaring the prior art. Redstone also cannot establish infringement because Redstone's apparently contended claim scope would impermissibly vitiate one or more limitations of the asserted claims.

## SEVENTH DEFENSE
### (Reverse Doctrine of Equivalents)

23. Irrespective of literal claim scope, no relief is available to Redstone because, among other things, use of the accused technology is substantially different in principle from the purported

inventions described in the '339 Patent, such that even if the accused technology performs the same function as the claims in the '339 Patent, it does so in a substantially different way, and Redstone cannot sustain its burden of proving otherwise, under the reverse doctrine of equivalents. In addition, irrespective of literal claim scope, the accused technology is antithetical in function, way, and result from the alleged inventions disclosed in the '339 Patent, and Redstone cannot sustain its burden of proving otherwise, under the reverse doctrine of equivalents.

## **EIGHTH DEFENSE**
**(Extraterritoriality)**

24.     To the extent Redstone's claims are directed to acts occurring outside of the United States, those claims for relief are barred or limited by the doctrine of territoriality and the exclusion of extraterritorial conduct from 35 U.S.C. § 271 *et seq*., including but not limited to § 271(a) and (c).

## **NINTH DEFENSE**
**(No Injunctive Relief)**

25.     Redstone is not entitled to any form of injunctive relief at least because Redstone has not met the requirements for obtaining injunctive relief, including, but not limited to the fact that (1) Redstone has not suffered and will not suffered any harm—no less irreparable harm—due to NVIDIA's alleged conduct, (2) Redstone's demand for alleged damages concedes the adequacy of legal remedies, (3) Redstone fails to make any showing of hardships, no less that the balance of hardships tips in its favor (which it does not), and (4) Redstone identifies no public interests that would be furthered by such a remedy. Redstone's claims for injunctive relief are further barred, in whole, or in part, by principles of equity.

## TENTH DEFENSE
### (Improper Venue)

26. For the convenience of parties and witnesses, and in the interest of justice, venue for this action is not proper in this District and would be more appropriate in another district. 28 U.S.C. § 1404.

## ELEVENTH DEFENSE
### (No Willfulness, Enhanced Damages, or Attorney's Fees)

27. Redstone is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Redstone has failed to show, and cannot show, that any alleged infringement has been willful and/or knowing.  Redstone is not entitled to an award of attorney's fees under 35 U.S.C § 285, at least because Redstone has failed to show, and cannot show, that this case is "exceptional" in Redstone's favor as required by the statute.

## DEMAND FOR JURY TRIAL

28. NVIDIA demands a jury trial on issues so triable.

## RESERVATION OF ADDITIONAL DEFENSES

29. NVIDIA reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## PRAYER FOR RELIEF

Wherefore, NVIDIA respectfully requests that the Court enter judgment in its favor and against Redstone as follows:

a) Dismiss Redstone's Complaint in its entirety, with prejudice;

b) Deny all remedies sought in Redstone's Complaint;

c)   Enter judgment that NVIDIA has not infringed and does not infringe, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalents, any claim of the '339 Patent;

d)   Enter judgment that the claims of the '339 Patent are invalid, unenforceable, and/or patent ineligible;

e)   Declare this to be an exceptional case under 35 U.S.C. § 285 and award NVIDIA its reasonable attorneys' fees;

f)   Award NVIDIA its costs and expenses incurred defending this case, along with interest; and

g)   Award NVIDIA such other and further relief as the Court deems just and proper.

Dated: June 30, 2025                           Respectfully submitted,

/s/ Chad S. Campbell
Chad S. Campbell, Bar No. 012080
Tyler R. Bowen, Bar No. 025376*
Jaymin Patel, Bar No. 037693**
Elizabeth J. Baxter, Bar No. 037969**
**PERKINS COIE LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Tel.: 602-351-8000
Fax: 602-648-7000
CSCampbell@perkinscoie.com
TBowen@perkinscoie.com
JPatel@perkinscoie.com
EBaxter@perkinscoie.com

Philip A. Morin, Bar No. 256864**
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Tel.: 858-720-5700
Fax: 858-720-5799
PMorin@perkinscoie.com

Shaun W. Hassett, SBN 24074372
Michael E. Jones, SBN 10929400
**POTTER MINTON, P.C.**
102 North College, Suite 900
Tyler, Texas 75702
Tel.: 903-525-2272
Fax: 903-531-3972
ShaunHassett@potterminton.com
MikeJones@potterminton.com

*Attorneys for Defendant NVIDIA Corporation*

*Admission to W.D. Texas pending
**Pro hac vice* admission pending