IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>       Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>       Defendant. | CASE NO. 7:25-CV-00184 [ADA] |

**PROTECTIVE ORDER**

   WHEREAS, Plaintiff Redstone Logics LLC and Defendant NVIDIA Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

   WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

   THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL"

1

shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," individually and collectively.

2

marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a) Outside counsel of record in this Action for the Parties.

(b) Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c) In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d) Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e) Outside consultants or experts retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g) The Court and its personnel.

6. A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party

4

reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7. Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL - SOURCE CODE."

9. For Protected Material designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11. For Protected Material designated HIGHLY CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

    (a) Access to a Party's Source Code Material shall be provided, at the producing Party's election, on a "Secure Computer," defined as:

        i. A secured networked computer, configured to connect (via a Virtual Private Network or Virtual Network Computing connection) to a source code review environment hosted on a remote server maintained by the producing Party, in secured room such that all persons entering the secured room containing the Source Code Material are subject to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room; or

        ii. A secured computer having disk encryption and password protection in a secured room without Internet access or network access to other computers, such that all persons entering the secured room containing the Source Code Material are subject to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room.

    In either case, the Secure Computer(s) will be less than three years old, run Windows 10 or newer operating system, and be equipped with at least a 25" monitor, a full-size keyboard, and mouse.

    Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Secure Computer, except as provided below. The receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or

recordable device. Any review of Source Code Material on the Source Code Review Computer by the receiving Party must occur prior to the close of expert discovery unless otherwise agreed among the Parties or ordered by the Court.

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Secure Computer to business days during normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. at location where the Secure Computer is maintained, upon reasonable notice to the producing Party, which shall not be less than 10 business days. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Secure Computer in order to access the produced Source Code Material on the Secure Computer.

(d) Access to Source Code Material shall be limited to outside counsel of record and their employees as set forth in paragraph 5(a) and 5(b) above and up to four (2) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the producing Party with reasonable specificity) retained for the purposes of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.

(e) The producing Party will produce Source Code material in computer searchable format on the Secure Computer as described above. The Secure Computer shall contain the tools used for viewing, searching, and compiling the Source Code Material and may include those presently used in the ordinary course of the producing Party's business, including version control tools and software development tools used by the producing Party. In addition, the receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Source Code Material be installed on the Secure Computer, provided, however, that the software does not enable functions other than viewing and searching Source Code Material or otherwise compromise security of the Secure Computer. Upon request by the producing Party, the receiving Party shall provide to the producing Party the additional commercially available software tools to be used on the secured computer.

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and support staff, such that the disclosure to a consultant or expert who employs direct reports and support staff within his or her firm to help in his or her analysis, including source code analysis, shall count as a disclosure to a single consultant or expert, provided that all such direct reports and support staff helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 5(e).

(f) The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code Material but may not copy any portion of the Source Code Material into the notes, excepting variable, object, method, class, file names, line numbers, function names, or quotations from "code comments." No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Any handwritten notes or other work product, created by the receiving Party reflecting Source Code shall be marked as "HIGHLY CONFIDENTIAL – SOURCE CODE." Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein.

(g) The producing Party will not monitor, listen in on, or otherwise inhibit the receiving Party's privileged communications or note-taking in the Source Code Review Room, and the producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications. Except as agreed in writing by the Parties, if any Authorized Reviewer(s) reviewing Source Code Material seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the Secure Room. In addition to taking notes on bound notebooks, an Authorized Reviewer may also bring a USB memory device to the Secure Room, to be inserted into a notetaking laptop computer provided by the producing Party or the producing Party's vendor. The notetaking laptop computer shall be configured with Microsoft Word or Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software, such that the Reviewing Party can create or modify documents directly on the USB memory device plugged into the notetaking laptop computer. The receiving Party shall encrypt any file on the USB memory device that contains confidential material subject to this Protective Order using Microsoft Word's "Encrypt with Password" functionality accessible through the File->Info->Protect Document menu in Microsoft Word. If the receiving Party so elects, the producing Party must provide a separate and secure locker convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices.  All notes, whether electronic or otherwise, will remain protected as work product and shall not be reviewed by producing Party. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the reviewing Party, including through any keyloggers, tracking software, or recording software. The receiving Party's Outside Counsel and/or experts may not copy the Source Code Material into the notes and may not take such notes electronically on the Source Code Review Computer itself.

(h) No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL - SOURCE CODE" material, except that the receiving Party may print paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not print paper copies for the purpose of reviewing the

8

Source Code Material other than electronically as set forth in paragraph (c) in the first instance. There are two methods for printing that may be used at the producing Party's discretion:

    i. If the receiving Party would like to have a portion of Source Code printed, the receiving Party will save an image that will be printed by the producing Party. The producing Party will print hard copies of those files to include Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

    ii. The producing Party may make available a color laser printer with commercially reasonable printing speeds for on-site color printing during inspections of the Source Code. The producing Party shall provide paper for use in printing Source Code, premarked to include bates numbers and the label "HIGHLY CONFIDENTIAL–SOURCE CODE." The producing Party shall keep the originals of the printed Source Code, and color copies shall be made for and mailed to the receiving Party using overnight delivery within four business days.

(i) Except as otherwise provided herein, no more than 750 pages of the total Source Code may be requested in printed form. Additionally, except as otherwise provided herein, the receiving Party shall not request to print out any continuous block of Source Code that results in more than fifty (50) consecutive printed pages. If necessary, the receiving Party may request to print additional pages in excess of the 750 pages of total Source Code, or continuous blocks that exceed thirty (30) consecutive pages, which the producing Party shall not unreasonably deny. At the inspecting Party's request, up to five (5) additional sets (or subsets) of printed Source Code Material may be requested and provided by the producing Party in a timely fashion.

(j) The producing Party may challenge the amount of Source Code Material requested in hard copy form or whether the Source Code Material requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure set forth in Section IV of the Court's Order Governing Proceedings version 4.4. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(k) Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. To the extent portions of Source

    Code are quoted in a court filing, the party quoting the Source Code shall quote only such portions as necessary to establish their point. Either (A) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL –SOURCE CODE"; or (B) those pages containing quoted Source Code will be separately stamped and treated as "HIGHLY CONFIDENTIAL –SOURCE CODE." Any materials (e.g., pleadings, motion briefing, expert reports, discovery responses, etc.) that refer to, quote or otherwise reference or describe Source Code shall be labeled as "HIGHLY CONFIDENTIAL –SOURCE CODE"

(l) All persons who seek to review a producing Party's Source Code on behalf of a receiving Party, including a receiving Party's outside counsel, shall be identified in writing to the producing Party at least 10 business days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. The receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form.

(m) The receiving Party shall maintain all printed portions of the Source Code Material in a secured, locked area under the direct control of outside counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code Material; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.

(n) A producing Party's Source Code Material may only be transported to another person authorized under paragraph 11(d) above, on paper or encrypted removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry by a person authorized under paragraph 11(d). Additionally, the producing Party will be responsible for transporting Source Code Material between the locations described in paragraph 11(m) in response to reasonable requests made by the receiving party. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(o) Furthermore, for depositions of persons qualified to view Source Code Material, at least one (1) week before the date of the deposition, or in the case of a deposition reasonably scheduled less than (1) week in advance, no later than 24 hours after scheduling such deposition, the receiving Party shall notify the producing party if the receiving Party wishes to have the Source Code Material printouts available at the deposition, which the receiving Party shall provide.

12.     Any attorney representing a Party, whether in-house or outside counsel, and any person

associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not, during the pendency of this Action and for two years after its conclusion (including any appeals): prepare, prosecute, supervise, advise, counsel, direct, assist, or participate in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise, advise, counsel, direct, assist, or participate in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding (*e.g.*, IPR, PGR, CBMR, reexamination, reissue, derivation, etc.), except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

13. HIGHLY SENSITIVE MATERIAL shall be subject to all applicable laws and regulations relating to the export of technical data contained in such information, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.[3] Each party receiving HIGHLY SENSITIVE MATERIAL shall comply with all applicable

---

[3] Applicable export restrictions may include, without limitation, those specified for ECCN 3E001 and ECCN 4E001 in Supplement No. 1 to Part 774 of the Code of Federal Regulations.

export control statutes and regulations. *See, e.g.*, 15 CFR § 734.3. HIGHLY SENSITIVE MATERIAL shall not be made available to any person who is not a U.S. person as defined in 15 CFR § 722.1 (hereafter, "U.S. Person"). U.S. Persons with access to HIGHLY SENSITIVE MATERIAL shall not (i) transport it to any country other than the United States, Canada, Australia, or the United Kingdom, or (ii) access it from any country other than the United States, Canada, Australia, or the United Kingdom. Without limitation, this prohibition extends to DESIGNATED MATERIAL (including copies) in any form, including, but not limited to, physical, verbal, and electronic form. Notwithstanding this prohibition, and to the extent otherwise permitted by law, HIGHLY SENSITIVE MATERIAL may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or

immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court

reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent

the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

24. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. The receiving Party shall maintain all DESIGNATED MATERIAL in accordance with the requirements of this Order at all times until the DESIGNATED MATERIAL is returned or destroyed pursuant to this Paragraph.

25. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

DATED: _____              _____
                                    ALAN D ALBRIGHT
                                    UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>    Defendant. | CASE NO. 7:25-CV-00184 [ADA] |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2