# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>            Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>           Defendant. | CASE NO. 7:25-CV-00184 [ADA]<br><br>JURY TRIAL DEMANDED |

**NVIDIA CORPORATION'S
PRELIMINARY DISCLOSURE OF EXTRINSIC EVIDENCE AND EXPERT WITNESS**

Pursuant to the Scheduling Order (Dkt. 22), Defendant NVIDIA Corporation ("NVIDIA") provides the following Preliminary Disclosure of Extrinsic Evidence regarding U.S. Patent No. 8,549,339 ("the '339 patent").

NVIDIA reserves the right to present additional extrinsic evidence, including extrinsic evidence from sources identified by Plaintiff Redstone Logics LLC ("Redstone"), and extrinsic evidence in rebuttal to Redstone's extrinsic evidence.  NVIDIA also reserves the right to identify expert testimony in response to Redstone's extrinsic evidence, including any expert testimony submitted by Redstone.  NVIDIA may also rely on litigation documents from this case and others involving the '339 patent.  NVIDIA also reserves the right to rely on any extrinsic evidence not currently available to NVIDIA to rebut Redstone's proposed claim constructions (including such evidence identified by Redstone in its disclosure of extrinsic evidence).

NVIDIA further identifies Dr. Massoud Pedram as NVIDIA's expert witness to testify regarding the scope and/or meaning of any disputed terms for the '339 patent.  Served concurrently with this disclosure is a copy of Dr. Pedram's curriculum vitae.  Dr. Pedram may submit a declaration and evidence in support of NVIDIA's proposed constructions for any disputed claim terms for the '339 patent.  For example, NVIDIA may rely on the expert testimony of Dr. Pedram to aid the Court in understanding technical issues concerning claim construction, to show the skill level of a person of ordinary skill in the art at the time of the alleged invention, to show how a claim term may be understood by a person of ordinary skill in the art at the time of the alleged invention, and/or to show that a claim term read in light of the intrinsic evidence fails to inform with reasonable certainty a person of ordinary skill in the art at the time of the alleged invention about the scope of the claimed invention.  NVIDIA reserves the right to rely on the expert

testimony of Dr. Pedram, additional expert witness(es), and/or other evidence to rebut Redstone's constructions, arguments, and expert testimony.

NVIDIA reserves the right to rely on intrinsic evidence, namely the '339 patent, prosecution history, any *inter partes* review ("IPR") and post-grant proceedings, and references and exhibits of record from the prosecution history or any IPR and post-grant proceedings. To the extent Redstone incorrectly contends that any such intrinsic evidence is, instead, extrinsic evidence, NVIDIA reserves the right to rely on the same for any disputed claim terms. NVIDIA also reserves the right to modify its preliminary constructions in connection with any meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Statement. NVIDIA also reserves the right to withdraw any of its preliminary constructions.

Discovery in this action is in its early stages, and the investigation of Redstone's claims is ongoing. Accordingly, this identification of extrinsic evidence is based on information currently available to NVIDIA without the benefit of full discovery, including third-party discovery. NVIDIA's Preliminary Disclosure of Extrinsic Evidence is also based on its current interpretation of the scope apparently attributed to the disputed terms in Redstone's Preliminary Infringement Contentions, and NVIDIA reserves the right to revise its preliminary identification of extrinsic evidence should Redstone amend, clarify, or otherwise alter its infringement contentions or theories. NVIDIA also reserves the right to revise its preliminary identification of extrinsic evidence as discovery proceeds and in the event that NVIDIA obtains or discerns additional information through further investigation, discovery, or disclosure from Redstone or from third parties. Moreover, should Redstone assert that other claims are infringed, or should other claims otherwise become relevant, NVIDIA reserves the right to propose terms for any such claims for

construction, to propose constructions for such terms, and to identify any additional extrinsic evidence in support of such constructions, including additional expert testimony.

Subject to the foregoing, NVIDIA identifies the extrinsic evidence below for the claim terms identified as requiring construction by the parties. NVIDIA's accompanying document production contains copies of the extrinsic evidence listed below:

| Claim(s) | Patent Claim Term/Phrase Identified for Construction | Extrinsic Evidence |
|---|---|---|
| 1, 21 | "a [first/second] set of processor cores" | • "set": *The Oxford American Dictionary and Thesaurus with Language Guide* (copyright 2003, Oxford Univ. Press, Inc.)<br><br>• "set": *Random House Webster's Unabridged Dictionary* (2d ed.) (copyright 1998, Random House, Inc.)<br><br>• "set": Catherine Soanes & Angus Stevenson, eds., *Concise Oxford English Dictionary* (11th ed. Rev.) (copyright 2009, Oxford Univ. Press)<br><br>• "set": *Webster's New College Dictionary* (3d ed.) (copyright 2008, Houghton Mifflin Harcourt Publ'g Co.)<br><br>• "set": Philip Babcock Gove, ed., *Webster's Third New International Dictionary of the English Language Unabridged* (copyright 2002, Merriam-Webster, Inc.)<br><br>• NVIDIA may rely on testimony and evidence submitted by Dr. Pedram in support of NVIDIA's proposed construction to show, for example, (1) the skill level of a person of ordinary skill in the art at the time of the alleged invention; and (2) how a person of ordinary skill in the art at the time of the |

| | | | alleged invention would have understood this claim term. |
|---|---|---|---|
| 1, 21 | "the first clock signal is independent from the second clock signal" | | • "independent": John Andrew Simpson & Edmund S.C. Weiner, eds., *The Oxford English Dictionary* (2nd ed.) (copyright 1989, Oxford Univ. Press)<br><br>• "independent": Philip Babcock Gove, ed., *Webster's Third New International Dictionary of the English Language Unabridged* (copyright 2002, Merriam-Webster, Inc.)<br><br>• "independent": Angus Stevenson & Christine A. Lindberg, eds., *New Oxford American Dictionary* (3d ed.) (copyright 2010, Oxford Univ. Press)<br><br>• "independent": Catherine Soanes & Angus Stevenson, eds., *Concise Oxford English Dictionary* (11th ed. rev.) (copyright 2008, Oxford Univ. Press)<br><br>• "independent": *Merriam-Webster's Dictionary and Thesaurus* (copyright 2007, Merriam-Webster, Inc.)<br><br>• Casey Stys & Paul Shockman, *System Clock Generators: A Comparison of a PLL Synthesizer vs. a Crystal Oscillator Clock* (rev. 1) (Dec. 2006, ON Semiconductor)<br><br>• U.S. Patent No. 7,501,865 to Jacobowitz et al.<br><br>• U.S. Patent No. 7,538,625 to Cesky et al.<br><br>• NVIDIA may rely on testimony and evidence submitted by Dr. Pedram in support of NVIDIA's proposed construction to show, for example, (1) the skill level of a person of ordinary skill in the art at the time of the alleged |

-4-

|  |  | invention; and (2) how a person of ordinary skill in the art at the time of the alleged invention would have understood this claim term. |
|---|---|---|
| 14 | "located in a common region that is substantially central to the first set of processor cores and the second set of processor cores" | • NVIDIA may rely on testimony and evidence submitted by Dr. Pedram to show, for example, (1) the skill level of a person of ordinary skill in the art at the time of the alleged invention; and (2) how this claim term fails to inform with reasonable certainty a person of ordinary skill in the art at the time of the alleged invention about the scope of the claimed invention. |

Dated: October 14, 2025                                    Respectfully submitted,

/s/ *Tyler R. Bowen*
Chad S. Campbell, Bar No. 012080
Tyler R. Bowen, Bar No. 025376
Jaymin Patel, Bar No. 037693*
Elizabeth J. Baxter, Bar No. 037969*
**PERKINS COIE LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Tel.: 602-351-8000
Fax: 602-648-7000
CSCampbell@perkinscoie.com
TBowen@perkinscoie.com
JPatel@perkinscoie.com
EBaxter@perkinscoie.com

Philip A. Morin, Bar No. 256864*
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Tel.: 858-720-5700
Fax: 858-720-5799
PMorin@perkinscoie.com

Shaun W. Hassett, SBN 24074372
Michael E. Jones, SBN 10929400
**POTTER MINTON, P.C.**
102 North College, Suite 900
Tyler, Texas 75702
Tel.: 903-525-2272
Fax: 903-531-3972
ShaunHassett@potterminton.com
MikeJones@potternminton.com

*Attorneys for Defendant NVIDIA Corporation*

*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served October 14, 2025 to all counsel of record.

Reza Mirzaie
Marc A. Fenster
Neil A. Rubin
Christian W. Conkle
Jonathan Ma
Joshua Scheufler
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025

Qi (Peter) Tong
**RUSS AUGUST & KABAT**
8080 N. Central Expressway, Suite 1503
Dallas, Texas 75206

*/s/ Tyler R. Bowen*
Tyler R. Bowen