**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC, | CASE NO. 7:25-CV-00184 [ADA] |
| Plaintiff, | |
| v. | |
| NVIDIA CORPORATION, | |
| Defendant. | |

**DEFENDANT NVIDIA CORPORATION'S OPPOSED MOTION TO STAY**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .......................................................................................... 1

II.   BACKGROUND ............................................................................................ 2

III.  LEGAL STANDARD ..................................................................................... 2

IV.   ARGUMENT ................................................................................................. 3

    A.    The EPR will simplify this case ......................................................... 3

    B.    A stay will conserve Court and party resources ................................. 6

    C.    A stay will not unduly prejudice Redstone ......................................... 8

V.    CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Barnes & Noble, Inc. v. LSI Corp.*,
    849 F. Supp. 2d 925 (N.D. Cal. 2012) ...................................................................................9

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
    Nos. A-13-CA-800, A-13-CA-895, A-13-CA-1025, A-14-CA-148, A-14-CA-149,
    A-14-CA-150, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ................................................8

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*,
    114 F.3d 1547 (Fed. Cir. 1997), *abrogated on other grounds by Cybor Corp. v. FAS Techs.,
    Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) ....................................................................................9

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013).............................................................................................3

*Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*,
    No. 1:22-CV-852, 2024 WL 5169808 (W.D. Tex. Apr. 11, 2024) ...................................3, 7, 8

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)..............................................................................................................2

*Polaris Powerled Techs., LLC v. Dell Techs. Inc.*,
    No. 1:22-CV-0973, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023)............................3, 6, 8, 9

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005)...................................................................................3

*TC Tech. LLC v. T-Mobile USA, Inc.*,
    No. 6-20-CV-00899, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021)..................................4, 5, 9

*UNM Rainforest Innovations v. D-Link Corp.*,
    No. 6:20-CV-00143, 2023 WL 2706748 (W.D. Tex. Mar. 29, 2023)......................................3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)..............................................................................................4

*Wedgeworth v. Fibreboard Corp.*,
    706 F.2d 541 (5th Cir. 1983) ................................................................................................3

## I.    INTRODUCTION

In an ongoing *ex parte* reexamination ("EPR"), the U.S. Patent & Trademark Office ("PTO") is scrutinizing every claim of U.S. Patent No. 8,549,339 ("the '339 patent" or "the asserted patent") that Redstone Logics LLC ("Redstone") asserts against NVIDIA Corporation ("NVIDIA").  Under the circumstances, all relevant factors strongly favor a stay.

*First*, the EPR will simplify the issues in this case and may resolve it entirely. The EPR challenge is strong. The PTO granted review based on six combinations of prior art references. Further, EPRs filed by third parties—such as the one at issue here—have resulted in cancelled or amended claims in over three-quarters of proceedings. If the PTO cancels all asserted claims, that will end this case.  At a minimum, any claim amendments and PTO analysis will bring clarity to the litigation.

*Second*, given the current stage of this case, a stay would conserve the Court's and the parties' resources. It would delay depositions, expert reports, dispositive motions, and pretrial filings on claims that may ultimately be cancelled or amended—saving the Court and the parties from unnecessary work. The efficient path is to wait for the EPR to run its course.

*Third*, a stay would not create undue prejudice to Redstone. Delay will not affect the remedy in the case; Redstone can always seek monetary damages. And Redstone cannot credibly claim that a stay will cause undue harm when it and the prior owner of the asserted patent waited for years to file suit in the first place.

For these reasons, NVIDIA asks the Court to stay all case deadlines while the PTO reexamines the asserted claims. NVIDIA met and conferred with Redstone, which indicated it would oppose this motion.

## II.    BACKGROUND

Redstone filed this action asserting the '339 patent against NVIDIA on April 18, 2025. Dkt. 1 at 3-4. That is 12 years after the '339 patent issued and over eight years after the release of the Jetson TX2 module targeted by Redstone's infringement allegations.  Dkt. 1-1; Ex.[1] 1.  On December 9, 2025, Advanced Micro Devices ("AMD")[2] filed a request for EPR relating to the '339 patent. Ex. 2. The request challenged claims 1, 5, 8-10, 14, and 21—the claims that Redstone is asserting against NVIDIA in this litigation.  *Compare* Ex. 2 at 1, *with* Ex. 3.  On March 6, 2026, the PTO granted AMD's request and ordered reexamination of all asserted claims.  Ex. 4.

The PTO's most recent published statistics describe a median EPR pendency of 18.9 months from filing date to certificate issuance.  Ex. 5 at 2.  Based on that figure, the PTO will conclude the EPR in July 2027. Before then, the PTO will issue substantive office actions addressing the patentability of the asserted claims, including whether claims should be confirmed, cancelled, or amended.  The PTO's statistics show that 77.1% of third-party requested certificates issue with either all claims cancelled or changes to the claims.  *Id.*

## III.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Fifth Circuit recognizes that a district court has "broad discretion" to stay proceedings as part of its inherent

---

[1] Citations to "Ex." refer to exhibits attached to the Declaration of Tyler Bowen ("Bowen Decl.")

[2] AMD and Redstone have since resolved their litigation through settlement. *See Redstone Logics LLC v. Advanced Micro Devices, Inc.*, No. 7:25-cv-00182-DC-DTG (W.D. Tex. 2026), Dkts. 37, 40.

authority to control its docket. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

In patent cases, courts consider three factors in deciding whether to stay a case: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV-00143, 2023 WL 2706748, at *2 (W.D. Tex. Mar. 29, 2023).

## IV.    ARGUMENT

### A.    The EPR will simplify this case

Simplification of issues is the "most important" factor in the stay analysis and heavily favors a stay here. *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852, 2024 WL 5169808, at *3 (W.D. Tex. Apr. 11, 2024); *see also* Order at 1, *EcoFactor, Inc. v. Google LLC*, No. W-20-cv-00075-ADA (W.D. Tex. Aug. 15, 2025), Dkt. 306 ("Whether a stay will simplify the issues is the 'most important factor' in the stay analysis.") (citation omitted). Regardless of the outcome, the ongoing EPR relating to all asserted claims will clarify the issues in this case. *See, e.g.*, *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, No. 1:22-CV-0973, 2023 WL 5282381, at *3 (W.D. Tex. Aug. 15, 2023) ("the likelihood of cancellation or modification of most or all the claims validates the simplification of the proceedings by issuance of a stay").

To begin, the EPR has the potential to resolve the entire litigation. If the PTO cancels all asserted claims, there will be no case for the Court to try. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes

moot."). According to PTO statistics, all claims are cancelled in 16.1% of EPRs filed by third-party requesters (like the one at issue here). Ex. 5 at 2. And those chances are higher in this case, where the PTO will reexamine the asserted claims based on *six* combinations of prior art (summarized below), with at least four separate prior-art combinations per claim. Ex. 4 at 7-17. The PTO has never addressed the merits of the prior art identified in the EPR. And, in three prior *inter partes* reviews that challenged the '339 patent, IPR2025-00485 and IPR2025-01532 were denied based on discretionary factors and IPR2025-00085 focused on different prior art.

| Prior Art Combination | Challenged Asserted Claims |
|---|---|
| White in view of Talwar and Boyle | All except claim 9 |
| White in view of Talwar and Lee | All except claim 9 |
| White in view of Talwar, Boyle, and De Oliverira | All |
| White in view of Talwar, Boyle, and Flaunter | All |
| White in view of Talwar, Boyle, and Kato | All |
| White in view of Talwar, Boyle, and Vajda | All |

Disposing of the whole case would be the "ultimate simplification of issues." *See, e.g., VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314-15 (Fed. Cir. 2014) (simplification "heavily favor[ed] a stay" where PTO instituted covered business method review of all claims asserted in litigation); *see also TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899, 2021 WL 8083373, at *3 (W.D. Tex. Dec. 7, 2021) ("a stay by this Court while allowing the reexamination to proceed may eliminate the need for trial entirely"); Order Granting Amazon's Opposed Motion to Stay Pending *Ex Parte* Reexamination ("Order") at 2, *Croga Innovations Ltd. v. Amazon Web Services, Inc.*, No. 1:24-cv-00398-ADA (W.D. Tex. Nov. 12, 2025), Dkt. 65

-4-

("If the reexamination results in the only asserted patent being invalid, then the entire case is resolved.").

The EPR will simplify this case even if some asserted claims survive. Order on Motion to Stay at 3, *Quartz Auto Techs., LLC v. Lyft, Inc.*, No. 1:20-cv-00719-ADA (W.D. Tex. June 24, 2022), Dkt. 125 (quoting *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014)) ("The standard is simplification of the district court case, not complete elimination of it . . . ."). First, as PTO statistics establish, claim amendments are highly likely. Ex. 5 at 2 (claims amended in 61% of EPRs requested by third parties). Redstone will likely narrow some or all the claims to avoid prior-art disclosures, meaning the operating claim scope will remain in flux until the EPR concludes. For example, the PTO identified multiple passages from each of the White, Talwar, and Boyle references that are relevant to key limitations of claim 1 and concluded that those references "raise[] a substantial new question of patentability with respect to at least independent claims 1 and 21 of the '339 patent." Ex. 4 at 7-9. Faced with that formidable prior-art combination, Redstone will probably amend claims 1 and 21—the only asserted independent claims—altering the scope of all asserted claims. The Court and the parties would benefit from seeing those changes. Second, the PTO's evaluation of the asserted claims will create a prosecution record, giving the Court "the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation." *TC Tech.*, 2021 WL 8083373, at *3 (citation omitted). Because claim scope influences all major issues in this case—including noninfringement, invalidity, and damages—waiting for the PTO's definitive determination will focus those issues and simplify the case.

A stay's myriad benefits will manifest regardless of whether the EPR concludes before or after the currently scheduled trial date. *See, e.g.*, Order at 2-3, *Croga*, No. 1:24-cv-00398-ADA, Dkt. 65 (EPR that would resolve "several months after" the scheduled trial date would simplify the case). And it may be that the EPR will conclude before a trial in this case since, as Redstone admits in a case that involves the same asserted patent and case schedule, "some change[s] in the schedule can be expected with Judge Albright's retirement." *See* Plaintiff's Opposition to Apple Inc.'s Opposed Motion to Stay ("Opposition") at 4-5, *Redstone Logics LLC v. Apple Inc.*, No. 7:25-cv-00183-ADA (W.D. Tex. May 28, 2026), Dkt. No. 49.

## B.    A stay will conserve Court and party resources

The stage of this case also favors a stay. Work performed so far has been limited. Claim construction is complete but addressed just two terms. Discovery opened less than five months ago, and is still ongoing. Neither party has scheduled depositions and the most burdensome stages of this case remain in the future:

- expert discovery opens in September 2026;

- dispositive motions are due in November 2026;

- pretrial disclosures begin in December 2026; and

- trial is currently set to begin in February 2027.

Dkt. 22 at 4-5; Order at 3, *Croga*, No. 1:24-cv-00398-ADA, Dkt. 65 ("the Court finds that the status of this case favors a stay, because multiple labor-intensive pretrial tasks are still months away . . . the most burdensome phases of litigation still lie ahead"). Staying the case now saves the Court and the parties from performing significant work that the EPR may render unnecessary. *Polaris*, 2023 WL 5282381, at *4 ("Staying the case now would also conserve both

-6-

the Court's and the parties' resources."). Indeed, the Court recently stayed the *Croga* case when a stay motion was filed at the same stage as in this case: post-*Markman* with ongoing discovery.

Conversely, continuing with the case would result in significant waste. The Court and the parties would litigate discovery, invalidity, noninfringement, damages, and pretrial issues based on asserted claims that are subject to active reexamination.  If the PTO cancels or changes the asserted claims—as in *77.1%* of EPRs requested by third parties completed to date (Ex. 5 at 2)—Court and party resources will have been extinguished for naught. *See, e.g.*, *Katana*, 2024 WL 5169808, at *2 (due to "extremely time-consuming milestones" for expert depositions, *Daubert* motions, dispositive motions, and pretrial disclosures and submissions, "proceeding on Plaintiff's claims while the EPR is pending risks a serious waste of resources"). Making matters worse, the parties would face duplicative and potentially inconsistent proceedings involving claim scope and validity, further draining resources. Order Granting Motion to Stay at 4, *Small Axe Enters., Inc. v. Helen of Troy Ltd.*, No. 3:20-cv-00042-FM (W.D. Tex. Apr. 17, 2020), Dkt. 13 ("A stay stands to reduce the burden on the court by preventing duplicative litigation of facts likely to arise in both proceedings.").

It makes no difference that the current trial setting comes before the expected completion date of the EPR. Events in the EPR between now and the trial date will generate unnecessary work for the Court and the parties. For example, Redstone is likely to amend the claims, rendering the current versions obsolete. And the PTO will comment on the claims' scope when evaluating the prior art, which would merit consideration by the Court and the parties. Moving forward with this case despite those developments would be inefficient, especially since the EPR is expected to conclude in or before July 2027—within just a few months of the current trial date. In any case, as Redstone admits, due to Judge Albright's departure it is unclear whether trial will

begin in February 2027, as presently scheduled. *See* Opposition at 4-5, *Apple*, No. 7:25-cv-00183-ADA, Dkt. 49. The case will be reassigned to another judge who would gain much from having the results of the EPR before embarking on substantive work.

## C.    A stay will not unduly prejudice Redstone

A stay in favor of the ongoing EPR is not only efficient, but fair. Delaying a lawsuit alone is not undue prejudice where any alleged injury can be addressed through damages. *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, Nos. A-13-CA-800, A-13-CA-895, A-13-CA-1025, A-14-CA-148, A-14-CA-149, A-14-CA-150, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice."); Order at 2, *Croga*, No. 1:24-cv-00398-ADA, Dkt. 65 ("because Plaintiff only seeks money damages, it will not be unduly prejudiced by a stay pending resolution of the reexamination"). That principle applies in this case. Redstone does not compete with NVIDIA. In responding to NVIDIA's interrogatory asking about products that practice the '339 patent, Redstone did not identify any of its own products. Ex. 6 at 23-24. Nor could it. Redstone does not make or sell anything; it is a non-practicing entity that can be fully compensated with monetary damages. *Polaris*, 2023 WL 5282381, at *4 ("A patentee's status as a 'non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees,' . . . 'favors a stay.'"); *Katana*, 2024 WL 5169808, at *2 ("[T]here is no undue prejudice to a non-practicing entity from any such delay since the entity would be compensated by damages and pre-and/or post-judgment interest if the patent turned out to be valid and infringed."). Tellingly, Redstone acknowledges elsewhere that it "seeks only monetary damages as its recourse" for alleged infringement of the '339 patent. Opposition at 1, *Apple*, No. 7:25-cv-00183-ADA, Dkt. 49. Simply put, "a stay will not adversely impact [Redstone's] ability to collect damages for any injury." *Polaris*, 2023 WL 5282381, at *4.

Nor are there any other indications that a stay would unduly prejudice Redstone. Any arguments based on timely enforcement of patent rights and licensing value carry no weight. *Polaris*, 2023 WL 5282381, at *3-4 (tacitly rejecting such arguments and focusing on monetary damages instead). If such concerns were sufficient to show undue prejudice, they would apply in every case and courts would never stay cases based on EPRs.

In addition, Redstone's own delay undercuts any claim of undue prejudice.  The '339 patent issued in 2013 (Dkt. 1-1), and NVIDIA released the accused Jetson TX2 module in March 2017 (Ex. 1). Despite the product being on the market, Redstone and its predecessor-in-interest collectively waited for ***over eight years***—until April 2025—to file suit against NVIDIA. Dkt. 1. Redstone was idle for over two years after it obtained the '339 patent in 2022; its predecessor-in-interest did nothing for over five years before that. Redstone is stuck with an eight-year cumulative delay. *Cf. Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997) (in the context of a claim of laches, "Zimmer's actions prior to the assignment of the patent rights are imputed to Eastman. A patentee cannot avoid the consequences of his laches by transferring the patent."), *abrogated on other grounds by Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448 (Fed. Cir. 1998); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 931-32 (N.D. Cal. 2012) ("[a prior assignee's] conduct may be imputed to [the patent owner] for at least some theories of unenforceability of patent rights, including laches, estoppel, and inequitable conduct" and collecting cases). Waiting to file suit for so long is inconsistent with the notion that delay will cause undue prejudice. *TC Tech.*, 2021 WL 8083373, at *2 (no undue prejudice because of an "eight-year delay [patent owner] allowed in waiting to file this lawsuit"). Put more directly, Redstone can hardly cry foul after nearly a decade of filing delay.

## V.    CONCLUSION

For the foregoing reasons, NVIDIA respectfully requests that the Court stay this action until final resolution of the pending EPR relating to the '339 patent.

Dated: June 10, 2026

Respectfully submitted,

/s/ Tyler R. Bowen
Chad S. Campbell, Bar No. 012080
Tyler R. Bowen, Bar No. 025376
Jaymin Patel, Bar No. 037693*
Elizabeth J. Baxter, Bar No. 037969*
**PERKINS COIE LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Tel.: 602-351-8000
Fax: 602-648-7000
CSCampbell@perkinscoie.com
TBowen@perkinscoie.com
JPatel@perkinscoie.com
EBaxter@perkinscoie.com

Philip A. Morin, Bar No. 256864*
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, California 92130-2080
Tel.: 858-720-5700
Fax: 858-720-5799
PMorin@perkinscoie.com

Shaun W. Hassett, SBN 24074372
Michael E. Jones, SBN 10929400
**POTTER MINTON, P.C.**
102 North College, Suite 900
Tyler, Texas 75702
Tel.: 903-525-2272
Fax: 903-531-3972
ShaunHassett@potterminton.com
MikeJones@potternminton.com

*Attorneys for Defendant NVIDIA Corporation*

*Admitted *pro hac vice*

-10-